UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY WILLIAMS,

                Plaintiff,

v.                                       **DECISION AND ORDER**
                                                     06-CV-680S

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

1. Plaintiff challenges an Administrative Law Judge's ("ALJ") decision, dated November 3, 2009, wherein the ALJ determined that Plaintiff was not disabled under sections 216(i), 223(d), and 1614 (a)(3)(A) of the Social Security Act. Plaintiff alleges that he became disabled on September 20, 2001. He contends that the ALJ's determination is not based upon substantial evidence, and reversal is warranted.

2. Plaintiff filed his first application for disability benefits and supplemental security income on November 6, 2003, and the denial of this application following a hearing was affirmed by the Appeals Council. Plaintiff requested a review of the determination by this Court in October 2006, and the matter was subsequently remanded back to the Appeals Council pursuant to 42 U.S.C. § 405 (g) because a significant portion of the hearing recordings were inaudible. The Appeals Council then remanded the matter back to the ALJ for a new decision on the original application and the duplicative claims in Plaintiff's September 25, 2006 application.[1] The ALJ again determined that Plaintiff was

---

[1] The New York State Office of Temporary and Disability Assistance initially issued a partially favorable decision on Plaintiff's September 2006 application, however, the Appeals Council specifically determined that the latter application contained duplicate claims and ordered the ALJ to issue a new decision on both applications. (R. 244, 263, 614).

not disabled following a supplemental hearing in October 2008. Upon review of Plaintiff's written exceptions, the Appeals Council remanded the matter back to the ALJ for further proceedings. Another hearing was held on October 14, 2009, following which the ALJ issued the November 3, 2009 decision presently under review, and this time the Appeals Council declined to assume jurisdiction of the case. Plaintiff filed the current complaint[2] challenging Defendant's final decision in this Court on April 11, 2011.

3.  Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on October 27, 2011. This Court finds the matter fully briefed and oral argument unnecessary. Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4.  A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the

---

[2] Although originally filed under index number 11-CV-306, that matter was administratively closed and the complaint filed under this original index number.

Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), cert denied 459 U.S. 1212 (1983).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next

> considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

8. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since September 20, 2001, the onset date of his alleged disability (R. 203); (2) Plaintiff had severe impairments, specifically uncontrolled diabetes mellitus, obesity, discogenic lumbar spine, and degenerative joint disease of the left knee (R. 203); (3) these impairments did

not meet or medically equal a recognized disabling impairment under the regulations (R. 203); and (4) Plaintiff retained the residual functional capacity to perform light work (R. 203-206); and (5) Plaintiff was able to perform his past relevant work as a fish bin tender which, as Plaintiff had performed that job, was light work. (R. 206).

10.     Plaintiff's pro se complaint contains only the preprinted assertion that the ALJ's decision "was erroneous and not supported by either the substantial evidence on the record or the applicable law," Docket No. 10, and Plaintiff also failed to respond to Defendant's motion. This Court has nonetheless reviewed the record and determined that the ALJ's findings and conclusions are supported by substantial evidence. Defendant is therefore entitled to a judgment in its favor on the merits.

11.     The ALJ determined that Plaintiff had "the residual functional capacity to lift/carry/push/pull 20 pounds occasionally and 10 pounds frequently, sit 2 hours in an 8 hour day and stand/walk 6 hours in an 8 hour day" with only occasional limitations in bending, climbing, stooping, squatting, kneeling, and crawling. (R. 203). With respect to his ability to lift a certain weight, there is a brief reference in a June 2003 medical record to Plaintiff's being cleared for sitting and driving at work, with a lifting restriction of no more than 10 pounds. (R. 112). There is no elaboration, however, as to the objective findings that might support this limitation. Similarly, although a nurse practitioner indicated in 2005 that Plaintiff's subjective complaints were credible, she indicated that her findings of functional limitations were based only on those statements. (R. 129-132 ("answers are per pt statements"); see 204). The ALJ therefore properly gave more weight to the consultative physicians' conclusions in March 2004 that Plaintiff had only a mild limitation due to lower back strain based upon degree of flexion, (R. 119-121, 124), and that Plaintiff could lift 20

pounds occasionally and 10 pounds frequently. (R. 124; see Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999)(a treating physician's opinion is controlling only where it is well-supported by medical evidence); Baladi v. Barnhart, 33 Fed. Appx. 562, 564 (2d Cir. 2002)(ALJ not required to give controlling weight to opinion based upon only subjective complaints and unremarkable test results)).  Similarly, both consultative physicians found that Plaintiff had only a mild limitation from a left wrist sprain, with grip strength of 4/5 or 5/5 in 2004 and 5/5 in 2006.  (R. 120-121, 124, 767). No visual limitation was found in 2004 or 2005.  (R. 181). X-rays taken in 2004 indicated that neither of Plaintiff's knees showed any fracture or significant joint space narrowing.  (R. 150).

Notably, many of the medical records are for Plaintiff's treatment after the date he was last insured, March 31, 2006, likely as the result of the extended proceedings due to multiple remands.

> "[E]vidence bearing upon an applicant's condition subsequent to the date upon which the earning requirement [ *i.e.*, insured status] was last met is pertinent evidence in that it may disclose the severity and continuity of impairments existing before the earning requirement date or may identify additional impairments which could reasonably be presumed to have been present and to have imposed limitations as of the earning requirement date."

Lisa v. Secretary of Dept. of Health and Human Servs. of U.S., 940 F.2d 40, 44 (2d Cir. 1991), quoting Gold v. Secretary of Health, Educ. and Welfare, 463 F.2d 38, 41-42 (2d Cir. 1972).  Here, however, Plaintiff's post-eligibility medical records shed little light on his previous physical limitations. Dr. Adamson, who treated Plaintiff after March 31, 2006, opined in 2007 and 2008 that Plaintiff had significant limitations, including the ability to lift up to only 10 pounds occasionally and walk for only 10 minutes. (R. 342-348).  This physician specifically stated, however, that these conclusions were based solely on Plaintiff's subjective complaints because he had not followed through with the

6

recommended functional capacity testing. (R. 858). Functional capacity testing was eventually conducted on referral from Dr. Adamson's office in October 2009, around the time of the last hearing.  Even in this assessment, however, it was noted that Plaintiff's subjective complaints could not be correlated with the objective findings. (R. 871-872). Indeed, although Plaintiff refused to continue with a lifting test of 10 pounds, he was observed easily lifting and carrying a backpack of about that weight with one arm. (R. 872). Plaintiff's post-eligibility medical records do reflect that pain in his right knee limited his activity, however, both a letter from his treating physician and his physical therapy records indicate that the onset of this pain was in May 2006, after the date Plaintiff was last insured. (R. 451, 479, 822).  Finally, Plaintiff's physical therapy records from 2006 and 2008 reflect that there were also times that he could walk two miles and occasionally ride a bike (R. 451-452, 491). Accordingly, there is sufficient reasonable evidence in the record to support the ALJ's conclusion that Plaintiff was not disabled within the meaning of sections 216(i), 223(d), and 1614 (a)(3)(A) of the Social Security Act.

      12.    For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is granted.

      IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is GRANTED;

      FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

      SO ORDERED.

Dated: July  8 , 2012
      Buffalo, New York

                                                                 /s/William M. Skretny
                                                              WILLIAM M. SKRETNY
                                                                  Chief Judge
                                                        United States District Court